UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS FRENCH and KATIE FRENCH, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-3144 |
| | ) | |
| MIC GENERAL INSURANCE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs, Chris and Katie French, by their undersigned attorneys, for their Complaint against Defendant, MIC General Insurance Corporation, state:

## **FACTS**

1.      Plaintiffs, Chris and Katie French, are citizens of Illinois, owning and residing in unit 3S ("the unit" or "the insured premises") of a six-unit condominium building in Chicago, Illinois ("the condominium building").

2.      Defendant, MIC General Insurance Corporation ("MIC"), is a Michigan and North Carolina citizen, being a Michigan corporation with its principle place of business in Winston-Salem, North Carolina, authorized to do business in the State of Illinois, and engaged in the business of underwriting and issuing property and casualty insurance for condominium unit owners.

3.      This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

1

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, MIC does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5.     MIC issued to Plaintiffs a condominium unit-owners property and casualty insurance policy effective August 22, 2018 to August 22, 2019 ("the insurance policy", a copy of which is attached as Exhibit A to the Complaint).

6.     Under the insurance policy, MIC insured Plaintiffs against sudden and accidental direct physical loss to (a) alterations, appliances, fixtures, and improvements which are part of the condominium building contained within their unit, (b) to the unfinished walls, ceilings, and floors within their unit, and (c) to their personal property, unless limited or excluded.

7.     Fire, including smoke and soot resulting from fire, are neither limited nor excluded under the terms and conditions of the insurance policy and, as such, are perils insured against.

8.     Under the insurance policy, MIC covered any necessary increase in living expenses incurred by Plaintiffs if a peril insured against to their covered property or to the condominium building containing their property renders the unit unfit to live in.

9.     On March 15, 2019, an inspection performed by American Heritage Fireplace, Inc. ("American Heritage") of the wall cavity behind the gas fireplace in unit 2S of the condominium building revealed a separated elbow connection for the b-vent flue pipe for the fireplace.

10.     Prior to the March 15, 2019 inspection by American Heritage, and while the fireplace in unit 2S was in use (flames and heat generated from the fireplace when it was ignited), the separated elbow connection for the b-vent flue allowed for flames, heat, smoke, and soot generated from the fireplace to vent into the wall cavities, ceiling cavities, and floor cavities in

units 2S and 3S, as opposed to venting through the roof chimney and ultimately outside the condominium building ("the loss").

11.     Prior to the March 15, 2019 inspection by American Heritage, Plaintiffs were not aware of the separated elbow connection for the b-vent flue for the fireplace in unit 2S.

12.     Prior to the March 15, 2019 inspection by American Heritage, Plaintiffs were not aware that flames, heat, smoke, and soot generated from the fireplace while in use had permeated into the wall cavities, ceiling cavities, and floor cavities in units 2S and 3S.

13.     On March 21, 2019, Plaintiffs submitted a claim to MIC for benefits under the insurance policy.

**COUNT I**
**(Breach of Contract)**

14.     Plaintiffs re-allege paragraphs 1 through 13 of the Facts of the Complaint as paragraph 14 of count I of the Complaint.

15.     Plaintiffs have substantially performed all post-loss conditions required by the insurance policy to be performed by them, requested of them, and/or not waived by MIC including, but not limited to (a) paying the premium for the insurance policy, (b) giving notice of the loss to MIC once they discovered the same, (c) cooperating with MIC in its investigation of the loss and the ensuing claim, and (d) filing suit against MIC within two years of discovering the loss.

16.     In order to remediate smoke/soot and smoke/soot/heat-impacted building materials from wall cavities, ceiling cavities, and floor cavities in unit 3S, smoke/soot-impacted insulation must be removed and replaced, and wood truss members, wood sheathing, and wood framing must be cleaned and sealed, or replaced. The scope of this remediation work will require removing, resetting, and/or replacing drywall, flooring, cabinetry, countertops, appliances, and other property in unit 3S in order to access the cavities.

17.     Although requested to do so, MIC has failed to pay Plaintiffs (a) for the cost to remove, reset, and/or replace drywall, flooring, cabinetry, countertops, appliances, and other property in their unit in order to access wall cavities, ceiling cavities, and floor cavities in the unit to remediate smoke/soot and smoke/soot/heat-impacted building materials from the cavities, (b) the cost to paint drywall, trim, molding, and baseboard after its removal and replacement, (c) the cost to sand, stain, and finish wood flooring after its removal and replacement, (d) the cost for personal property pack-out, cleaning, storage, and move back while the remediation work is performed, and (e) additional living expenses to be incurred during the period of time their unit is not fit to live while the remediation work is performed, thus breaching the insurance policy.

18.     MIC's breach of the insurance policy was and is the direct and proximate cause of damage to Plaintiffs in an amount in excess of $75,000.

19.     This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

WHEREFORE, Plaintiffs, Chris and Katie French, pray for judgment in their favor and against Defendant, MIC General Insurance Corporation, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Section 155 Relief)

20.     Plaintiffs re-allege paragraphs 1 through 18 of count I of the Complaint as paragraph 20 of count II of the Complaint.

21.     At the time of the loss, MIC's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

22.     Plaintiffs are entitled to an award of taxable costs under section 155 of the Illinois

Insurance Code by virtue of MIC engaging in the following vexatious and unreasonable conduct

including, but not limited to:

(a)     failing to pay for the loss within 40 days of the loss being reported, thus constituting an unreasonable delay in paying the loss and ensuing claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b)     failing to advise Plaintiffs in writing within 75 days from the date the loss was reported with a reasonable explanation for the delay in not resolving the loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c)     failing to provide Plaintiffs with reasonable explanations for the delay in resolving the loss and ensuing claim, including no communication with Plaintiffs between May 24, 2019 and November 7, 2019, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(d)     failing to acknowledge with reasonable promptness pertinent communications regarding the loss and ensuing claim, in violation of section 154.6(b) of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(e)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6(d) of the Illinois Insurance Code;

(f)     failing to make a claim decision until May 8, 2020, over 13 months after the loss was reported to MIC, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50(a) of Part 919 of the Illinois Administrative Code;

(g)     unreasonably disclaiming coverage based on the erroneous position that the loss occurred on February 3, 2017, prior to the inception of the insurance policy, which it did not;

(h)     unreasonably disclaiming coverage based on the erroneous position that the claimed loss was long-term soot damage to the walls of the insured premises, which it was not. As evidenced by its Industrial Hygienist's May, 2019 Report confirming that smoke/combustion byproducts (soot, char, and/or ash) from unit 2S's fireplace had impacted surfaces within the wall cavities of the insured premises, its independent

5

adjuster's April 18, 2019 inspection which acknowledged that the wall cavities, ceiling cavities, and floor cavities in the insured premises would need to be accessed to remediate smoke/soot and smoke/soot/heat-impacted building materials from the cavities, and photographs provided to MIC on December 16, 2019, after the fireplace in unit 2S had been repaired, showing charred wood-framing members within the wall cavity behind the fireplace, the loss was smoke/soot and smoke/soot/heat-impacted building materials in wall cavities, ceiling cavities, and floor cavities in the insured premises, remediation of which required more than cleaning walls, ceilings, and flooring as posited by MIC;

(i)     unreasonably disclaiming coverage based on the erroneous interpretation that its insurance policy did not cover the unfinished walls, ceilings, and floors within Plaintiffs' unit, which it did, meaning that MIC was responsible for the cost to paint drywall, trim, molding, and baseboard after its removal and replacement and for the cost to sand, stain, and finish wood flooring after its removal and replacement;

(j)     unreasonably disclaiming coverage based on the erroneous position that Plaintiffs were made whole by a settlement reached between The Condos at Wrightwood Park II ("Wrightwood"), a condominium community and the owner of the condominium building, and Travelers Casualty Insurance Company of America ("Travelers"), Wrightwood's property insurer at the time of the loss, which they were not;

(k)     unreasonably disclaiming coverage based on the erroneous position that the "Other Insurance and Service Agreement" provision in the insurance policy applied to the loss, which it does not;

(l)     knowingly misrepresenting to Plaintiffs in its denial letter that the loss did not occur during the insurance policy period of August 22, 2018 to August 22, 2019, in violation of section 154.6(a) of the Illinois Insurance Code;

(m)     knowingly misrepresenting to Plaintiffs that they needed to report the loss to their prior insurance carrier, in violation of section 154.6(a) of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.90(d) of Part 919 of the Illinois Administrative Code;

(n)     knowingly misrepresenting to Plaintiffs in its denial letter that the "Other Insurance and Service Agreement" provision in the insurance policy applied to the loss, in violation of section 154.6(a) of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.90(d) of Part 919 of the Illinois Administrative Code;

(o)     knowingly misrepresenting to Plaintiffs in its denial letter that they were made whole by a settlement reach between Wrightwood and Travelers, in violation of section 154.6(a) of the Illinois Insurance Code and the regulations promulgated by

the Illinois Director of Insurance within section 919.90(d) and Part 919 of the Illinois Administrative Code;

(p)     failing to properly supervise Katie Tagliamonte during the pendency of the claim;

(q)     without proper cause, wrongfully and knowingly refusing to reimburse Plaintiffs for all of their covered losses under the insurance policy;

(r)     failing to be fair, open, and to carry out its part of the bargain under the insurance policy in good faith; and

(s)     forcing Plaintiffs to retain legal counsel to investigate the loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiffs, Chris and Katie French, pray for an award of taxable costs, including reasonable attorney fees, in their favor and against Defendant, MIC General Insurance Corporation.

**Plaintiffs Demand Trial by Jury.**

/s/ Edward Eshoo, Jr._____
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiffs